IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LOIS CHANEY,

          Plaintiff,

v.                                                                    CIVIL ACTION NO.  3:19-0519

TRI STATE FOOD SYSTEMS, INC.
d/b/a WAYNE KFC

          Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Strike Plaintiff's Jury Trial Demand by Defendant Tri State Food Systems, Inc. d/b/a Wayne KFC. ECF No. 13. Plaintiff Lois Chaney opposes the motion. For the following reasons, the motion is **GRANTED**.

In her Complaint, Plaintiff alleges she was hired in November 2016 as a food service worker at the Wayne KFC. Plaintiff asserts she told the general manager during her interview for the job that she had diabetes, dyslexia, and post-traumatic stress disorder. Plaintiff claims that, during the course of her employment, the general manager, a shift manager, and other employees began calling her derogatory names such as "stupid," "dumb," "retarded," and "fat." *Compl.* at ¶¶8, 9, ECF No. 1-1. Plaintiff states she complained to the general manager, but the derogatory comments continued. She also complained about unwelcome sexual advances from a co-worker and drug use by other employees.

Following her complaints, Plaintiff alleges she was terminated based on the general manager's false accusation she failed to pay for a piece of cheesecake. Plaintiff claims the accusation was mere pretext, and she actually proved that she had paid for the cheesecake in her unemployment case. Given her treatment, Plaintiff filed this action seeking redress for sexual harassment and a hostile work environment, disability discrimination, and retaliatory discharge. In her Complaint, Plaintiff requests a jury trial. However, Defendant moves to strike her request because Plaintiff signed a waiver of her right to a jury trial when she was hired.

In support of its motion, Defendant attached a one-page "**Acknowledgement Page**," which includes, inter alia, the waiver provision. Specifically, this provision provides:

> **WAIVER OF JURY TRIAL**
> I understand and agree that should I file a civil complaint against one of the above listed companies, by which I am employed, for damages or other relief that I hereby waive any right I may have to a jury trial and consent to my claim being heard and resolved by a Judge in a bench trial.

*Acknowledgment Page* (Nov. 26, 2016), ECF No. 13-1 (capitalization and bold original). Although Plaintiff signed the document, she submitted an Affidavit stating she has no recollection of signing it, she did not understand what it meant or what a bench trial is, she is dyslexic, she was learning disabled in school, she requires someone to help her read legal and other documents, no one explained the right to a jury trial to her, and she would not have willingly and knowingly waived her right to a jury trial. *Affidavit of Lois Chaney* (Jan. 10, 2020), ECF No. 15-1. On the other hand, Defendant contends the document is written in straightforward language that someone with even a limited education can understand, there is no fine print or legalese, and the top of the page clearly provides "**Please read carefully and sign**." *Acknowledgement Page* (bold and underline original).

Under West Virginia contract law, which applies in this case, it is well established that "[a] party to a contract has a duty to read the instrument." Syl. Pt. 5, *Soliva v. Shand, Morahan & Co., Inc.*, 345 S.E.2d 33 (W. Va. 1986);[1] *see also Reddy v. Cmty. Health Found. of Man*, 298 S.E.2d 906, 910 (W. Va. 1982) ("A person who fails to read a document to which he places his signature does so at his peril."). In light of this principle, in *House v. Rent-A-Center Franchising International, Inc.*, No. CV 3:16-06654, 2016 WL 7394552 (S.D. W. Va. Dec. 21, 2016), this Court rejected the plaintiffs' argument that an arbitration provision in an employment contract was "invalid for lack of understanding" where the provision was set forth in "plain language." 2016 WL 7394552, at *5 (footnote omitted). The West Virginia Supreme Court also has held, "[t]he fact that the [plaintiffs] may have signed a document without reading it first does not excuse them from the binding effect of the agreements contained in the executed document." *Nationstar Mortg., LLC v. West*, 785 S.E.2d 634, 641 (W. Va. 2016) (citing *G & R Tire Distributors, Inc. v. Allstate Ins. Co.*, 177 Conn. 58, 411 A.2d 31, 34 (1979) (holding that when "a person of mature years who can read and write signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it, and notice of its contents will be imputed to him if he negligently fails to do so")); *see also Am. States Ins. Co. v. Surbaugh*, 745 S.E.2d 179, 190 (W. Va. 2013) (quoting with approval *Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.*, 197 Cal.App.4th 1146, 128 Cal.Rptr.3d 330, 338 (2011), for the proposition that "'[f]ailing to read a policy . . . is not sufficient reason to hold a clear and conspicuous policy provision unenforceable. To hold otherwise would turn both contract and insurance law on its head. Insurers are not required to sit beside a policy holder and force them to read (and ask if they understand) every provision in an

---

[1] Overruled on other grounds by *National Mutual Insurance Co. v. McMahon & Sons, Inc.*, 356 S.E.2d 488 (W. Va. 1987), overruled on other grounds by *Parsons v. Hallliburton Energy Services, Inc.*, 785 S.E.2d 844 (W. Va. 2016).

insurance policy.'"). Although in this case Plaintiff essentially asks to be excused from this general rule because of her dyslexia and learning disability, as the Honorable John T. Copenhaver Jr., said in *Hager v. Am. Gen. Fin., Inc.*, 37 F. Supp. 2d 778 (S.D. W. Va. 1999), the duty to read a contract "has been extended to cases where the person who signs the contract is illiterate; in such cases, the individual has a responsibility to have the contract read to him." 37 F. Supp. 2d at 788 (citations omitted).[2] In other words, if someone is illiterate or does not understand a contract, it is that person's burden to ask for assistance. Although Plaintiff alleges in her Complaint that she told the general manager during her interview she had dyslexia, Plaintiff does not assert she ever asked for the document to be read to her or have it explained to her before she signed it. In fact, she stated in her Affidavit that she does not even remember the document. In light of these circumstances, Plaintiff executed the document at her own peril and is not excused from its binding effect.

Plaintiff also argues, however, the waiver should not be enforced because it is unconscionable. When considering whether a contract is unconscionable, a court must consider it from both a substantive and procedural perspective and find both exists. *State ex rel. Johnson Controls, Inc. v. Tucker*, 729 S.E.2d 808, 817 (W. Va. 2012); *see also House*, 2016 WL 7394552, at *5 (stating "unconscionability under West Virginia law requires a party to prove both procedural and substantive unconscionability"). As this Court recognized in *Robinson v. Quicken Loans Inc.*, 988 F. Supp.2d 615 (S.D. W. Va. 2013), substantive unconscionability arises from "unfairness in the contract itself and whether a contract term is one-sided and will have an overly harsh effect on the disadvantaged party." 988 F. Supp.2d at 623 (internal quotation marked omitted and citation

---

[2]Although Judge Copenhaver recognized an illiterate party can avoid a contract if the party shows deception, *id.*, Plaintiff makes no such argument here.

omitted). On the other hand, procedural unconscionability involves "inequities, improprieties, or unfairness in the bargaining process and formation of the contract." *Id*. (internal quotation marks and citation omitted). The degree of substantive and procedural unconscionability that is needed to find a contract unenforceable is not a defined point. Rather, it is a "'sliding scale'" with "'the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the clause is unenforceable, and vice versa.'" *Id.* (quoting Syl. Pt. 6, in part, *Tucker*). As the West Virginia Supreme Court observed in *Brown ex rel. Brown v. Genesis Healthcare Corp.* ("*Brown I*"), 724 S.E.2d 250 (W. Va. 2011), rev'd on other grounds sub nom. *Marmet Health Care Center, Inc. v. Brown*, 565 U.S. 530 (2012), "[t]he burden of proving that a contract term is unconscionable rests with the party attacking the contract." 724 S.E.2d at 284.

Turning first to substantive unconscionability, Plaintiff argues the contract is substantively unconscionable because it requires her to give up her constitutional right to a jury trial. However, merely waiving a right to a jury trial in a civil case does not make a contract substantively unconscionable, as evidenced by the numerous arbitration clauses placed in contracts. However, what troubles the Court in this case, but is not raised by Plaintiff, is the lack of mutuality of the waiver. Although Plaintiff must give up her right to a jury trial, there is no requirement that Defendant gives up its right to a jury trial. Granted, it is more typical for employees such as Plaintiff in fast food restaurants to file suit against their employer rather than vice versa. Nevertheless, it is not outside the realm of possibility for an employer to file an action against an employee,[3] and the West Virginia Supreme Court has held that a lack of mutuality can

---

[3]For instance, if the employee was stealing from the employer, it could bring an action to

make a contract substantively unconscionable. *See* Syl. Pt. 10, *Dan Ryan Builders, Inc. v. Nelson*, 737 S.E.2d 550 (W. Va. 2012) ("In assessing whether a contract provision is substantively unconscionable, a court may consider whether the provision lacks mutuality of obligation. If a provision creates a disparity in the rights of the contracting parties such that it is one-sided and unreasonably favorable to one party, then a court may find the provision is substantively unconscionable."); *State ex rel. Richmond Am. Homes of W. Virginia, Inc. v. Sanders*, 717 S.E.2d 909, 921 (W. Va. 2011) ("Some courts suggest that mutuality of obligation is the locus around which substantive unconscionability analysis revolves. In assessing substantive unconscionability, the paramount consideration is mutuality. Agreements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability." (Internal quotation marks and citations omitted)). Thus, the fact the waiver here is one-sided in favor of Defendant demonstrates at least some degree of substantive unconscionability.

Turning next to procedural unconscionability, the West Virginia Supreme Court further explained in *Brown I* that it

> involves a variety of inadequacies that results in the lack of a real and voluntary meeting of the minds of the parties, considering all the circumstances surrounding the transaction. These inadequacies, include, but are not limited to, the age, literacy, or lack of sophistication of a party; hidden or unduly complex contract terms; the adhesive nature of the contract; and the manner and setting in which the contract was formed, including whether each party had a reasonable opportunity to understand the terms of the contract.

---

recover the lost assets.

Syl. Pt. 17, in part, *Brown I*. In this regard, Plaintiff argues the contract is procedurally unconscionable because she had no input in the creation of the document, it did not inform her of her constitutional right to a jury trial, she has literacy issues, and she has no legal training.

As to the claim she did not have input in creating the waiver, Plaintiff argues she was presented with a contract of adhesion on a take it or leave it basis if she wanted to be employed. However, the West Virginia Supreme Court has held that, as "contracts of adhesion are by definition typically prepared by a party with more power, we do not view that factor as persuasive in itself." *Nationstar Mortg., LLC*, 785 S.E.2d at 640. Similarly, in a situation in which an assistant manager at a GameStop challenged an arbitration agreement, the West Virginia Supreme Court stated that "bald assertions that the arbitration agreement is procedurally unconscionable because the agreement was not subject to negotiation and because she was unemployed and had no other 'meaningful alternatives available to her' other than to sign the Acknowledgment are simply not sufficient." *New v. GameStop, Inc.*, 753 S.E.2d 62, 76 (W. Va. 2013) (per curiam) (citations omitted). Thus, as Plaintiff's argument here is essentially the same, the Court finds the fact she had no input in the creation of the waiver is insignificant.

Next, Plaintiff complains she was not told she had a constitutional right to a jury trial, she lacked legal training, and had literacy issues. However, Plaintiff fails to cite any case in which Defendant was obliged to explain her constitutional and legal rights to her before she signed the document. Additionally, even if the Court assumes the truth of Plaintiff's claim that she mentioned during her interview she has dyslexia, she makes no assertion that she ever asked for assistance in reading or understanding the document before she signed it. As previously explained,

if Plaintiff needed help, it was her obligation to ask for it, and it would be inherently unfair for the Court to impose a burden on Defendant to have read and explained everything to her by a mere mention of dyslexia where she does not claim she ever asked for any help or told Defendant she did not understand what she was signing. It is particularly true here where the waiver is written in straightforward language without fine print or legalize. Therefore, the Court finds Plaintiff has failed to demonstrate the waiver is procedurally unconscionable.

Accordingly, although there is some degree of substantial unconscionability, there is no procedural unconscionability and, if Plaintiff did not understand what the waiver was, it was her responsibility to have it read and explained to her before she signed it. Therefore, the Court finds Plaintiff is bound by the waiver and **GRANTS** Defendant's Motion to Strike Plaintiff's Jury Trial Demand. ECF No. 13.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 22, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE